IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED ___ ENTERED
___ LOGGED ___ RECEIVED
DEC 21 2022
AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY ___ DEPUTY

|  |  |
|---|---|
| JULIUS E. MONTGOMERY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BRANDON KLEPEKTA, ) <br> ) <br> Defendant. ) | Civil Action No.: 1:21-cv-2732-LKG <br><br> Dated: December 21, 2022 |

## MEMORANDUM

Self-represented Plaintiff Julius E. Montgomery, who is currently confined at the Clifton T. Perkins Hospital Center ("Perkins"), brought this civil rights action against Defendant Brandon Klepekta on October 21, 2021. ECF No. 1. On March 10, 2022, Defendant filed a Motion to Dismiss or to Appoint Guardian, or in the Alternative, to Stay All Proceedings. ECF No. 7. Plaintiff filed a response on May 5, 2022. ECF No. 14. For the reasons discussed below, Defendant's Motion is denied.

### I. PROCEDURAL BACKGROUND

Plaintiff has been charged as a criminal defendant in the Circuit Court for Harford County in cases C-12-CR-19-000701, C-12-CR-20-000579, C-12-CR-20-00580, and C-12-CR-20-00581 for armed robbery, robbery, theft under $25,000, three charges of assault by an inmate, four charges of second-degree assault, and two charges of prison employee contact with bodily fluids. ECF No. 7-1 at 1.

On January 22, 2021, the State court found Plaintiff incompetent to stand trial in all of his cases and he was committed to Perkins. *Id.* Subsequently, on August 20, 2021, Plaintiff was deemed competent to stand trial and transferred to Harford County Detention Center. *Id.* Plaintiff filed the instant Complaint on October 21, 2021. ECF No. 1. Plaintiff was once against found incompetent to stand trial on February 1, 2022; he was still in this status when Defendant filed the instant Motion. *See* ECF No. 7-2. Plaintiff was committed back to Perkins on March 3, 2022. An annual competency review is required no later than January 27, 2023. *Id.*

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 17(c)(2) states:

> A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.

With respect to Rule 17(c)(2), the Fourth Circuit has observed that "[t]he practical problem presented by a case in which a presumably competent party might be thought to be acting oddly, or foolishly, or self-destructively in prosecuting or defending a civil lawsuit, with or without counsel, is a real one." *Hudnall v. Sellner*, 800 F.2d 377, 385 (4th Cir. 1986). The Court noted that "[p]arties to litigation behave in a great variety of ways that might be thought to suggest some degree of mental instability." *Id.* Rule 17(c)(2) recognizes the existence of some forms of mental deficiency which may affect a person's practical ability to manage their own affairs that goes beyond "something other than mere foolishness or improvidence, garden-variety or even egregious mendacity, or even various forms of the more common personality disorders." *Id.* The Rule allows this Court to appoint a guardian ad litem, but it does not compel it to do so. Rather, it grants the Court considerable discretion to issue an "appropriate order" to protect the interest of an unrepresented, incompetent litigant. *See Seibels, Bruce & Co. v. Nicke*, 168 F.R.D. 542, 543 (M.D.N.C. 1996).

Further, Rule 17(b)(3) provides, in relevant part, that a determination regarding the capacity to sue or be sued is controlled by state law. Under Maryland law, a person is presumed competent to stand trial and adults are presumed to be capable of making their own informed decisions, even after involuntary admission to a psychiatric hospital. *Beall v. Maryland*, No. GJH-15-2180, 2016 WL 4512718, at *4 (D. Md. Aug. 22, 2016) (citing *Williams v. Wilzack*, 573 A.2d 809, 820 n.8 (Md. 1990) ("The fact that an inmate has been involuntarily institutionalized in a psychiatric facility is not tantamount to finding the inmate is mentally incompetent to make treatment decisions.")); *see also Peaks v. State*, 18 A.3d 917, 925 (Md. 2011). However, if a person is deemed incompetent and does not have a duly appointed representative, he or she may sue by next friend or by a guardian ad litem. *See Beall*, at *3.

### III.    DISCUSSION

In his Complaint, Plaintiff alleges that while he was housed at the Harford County Detention Center he was subjected to an excessive use of force by Defendant.  He alleges that on August 29, 2020, when he turned around to be handcuffed in his cell, he was tased by Defendant. ECF No. 1 at 4-5.  Plaintiff asserts the taser is only supposed to be used in uncontrollable situations, which this was not.  *Id.* at 4.  As a result of being tased at close range, Plaintiff states the taser prongs scarred his left arm and ribcage.  *Id.* at 5.  Additionally, he has experienced stress, anxiety, and nightmares since the incident for which he has sought treatment.  *Id.* at 5, 6. Plaintiff seeks monetary damages.  *Id.* at 7.

Defendant requests that in light of the state court's determination that Plaintiff is presently incompetent to stand trial, the Court (1) dismiss Plaintiff's Complaint without prejudice and allow him to refile with a representative or guardian, (2) appoint Plaintiff a guardian ad litem, or (3) stay this proceeding until Plaintiff is found competent by the state court. ECF No. 7-1 at 3.  Defendant relies solely on the finding of the state criminal proceedings as the basis for his Motion.  Plaintiff, in his response, does not contest the appointment of a guardian ad litem but requests that the Court not dismiss his claim.  ECF No. 14 at 2.  He notes that he has been found competent in the past and asserts that he understands the nature of this action.  *Id.*

Where, as here, "there has been a legal adjudication of incompetence that is brought to the court's attention, [Rule 17(c)] is brought in play." *Hudnall*, 800 F.2d 377, 385 (4th Cir. 1986).  On consideration of the state court's finding and the record in this case, the Court finds that the appointment of a guardian ad litem is not necessary even if Plaintiff does not object. Since the initiation of this case on October 21, 2021, Plaintiff has participated in this matter as an average litigant.  He has not filed anything frivolous and has reasonably sought extensions of time to file his pleadings when necessary.

Furthermore, there is no evidence in the record of any bizarre or delusional statements by Plaintiff.  In *Hudnall v. Sellner,* 800 F.2d 377, 385 (4th Cir. 1986), Sellner developed a delusional belief that the chief of police's son murdered Hudnall's wife.  Sellner published his beliefs regarding the murder, along with his belief that the police chief, the son, other police officers, and Hudnall conspired to cover up the murder and that Hudnall and the son switched identities.  *Id.* at 379.  Hudnall successfully sued Sellner for defamation. *Id.* at 379.  Sellner appealed arguing that the trial court should not have permitted him to represent himself.  *Id.* at

381. The court found that Sellner's bizarre conduct did not raise such serious questions regarding his capacity to sue such that the court was required to inquire into the appointment of a guardian ad litem. *Id.* at 386-87. Here, Plaintiff has not exhibited any such delusional beliefs, like those in *Hudnall*.

Additionally, nothing in the record suggests Plaintiff is unable to represent himself in this matter beyond the finding of incompetency to stand trial in his state criminal proceedings. Defendant provides no details regarding the circumstances which caused Plaintiff to be found incompetent in state court. And, as Plaintiff has been found competent in the past, there is no indication that his status may not change in the foreseeable future. As such, despite his commitment to Perkins, the Court finds Plaintiff competent to represent himself in this matter.

### A. Plaintiff's Motion for Extension of Time

Also pending is Plaintiff's second motion for extension of time to respond to Defendant's motion. ECF No. 13. As Plaintiff has since filed his response, the request is moot. The Court notes that Plaintiff also generally requested the appointment of an attorney in his motion. *Id.* A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1), is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982). As the Court has found Plaintiff competent to litigate his claim and Plaintiff presents no other exceptional circumstances, it will be denied without prejudice. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984) (finding exceptional circumstances exist where a "pro se litigant has a colorable claim but lacks the capacity to present it.") abrogated on other grounds by *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989) (holding that 28 U.S.C. § 1915 does not authorize compulsory appointment of counsel).

### IV. CONCLUSION

For the foregoing reasons, Defendant's Motion will be denied. Defendant must file an answer or otherwise respond to the Complaint within thirty days. A separate Order follows.

December 21, 2022
Date

LYDIA KAY GRIGGSBY
United States District Judge

4